AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Plaintiff, Hedaya Home Fashions, Inc.
90 Park Avenue
New York, NY 10016
Telephone:  (212) 336-8000
Facsimile:    (212) 336-8001
Neil M. Zipkin, Esq.  (*nzipkin@arelaw.com*)
Chester Rothstein, Esq.  (*crothstein@arelaw.com*)

**13 CIV 2243**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEDAYA HOME FASHIONS, INC.,<br>a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE ECHO DESIGN GROUP, INC.,<br>a New York corporation,<br><br>Defendant. | CASE NO. _____<br><br>COMPLAINT FOR:<br><br>DECLARATORY JUDGMENT<br>OF NON-INFRINGEMENT OF<br>COPYRIGHT REGISTRATION<br>NO. VA 1-847-827<br><br>***DEMAND FOR JURY TRIAL*** |

Plaintiff Hedaya Home Fashions, Inc. ("Plaintiff" or "Hedaya"), for its complaint against

Defendant The Echo Design Group, Inc. ("Defendant" or "Echo"), alleges the following:

### NATURE OF THE ACTION

1.      Plaintiff designs, creates, contracts for the manufacture of, offers for sale, and

sells in the United States patchwork quilts and pillow shams.  Plaintiff's products are generally

sold to wholesale customers, namely retailers, who in turn sell them to end users.  Defendant has

alleged that the pattern of one of Plaintiff's patchwork quilts infringes a copyright owned by

Defendant, and Defendant has sent written allegations of infringement to Plaintiff and some of

its customers.  This Complaint seeks a declaration of legal rights, namely that Plaintiff has not

infringed the purported copyright of Defendant.

539301.2

## THE PARTIES

2.      Plaintiff Hedaya Home Fashions, Inc. is a corporation formed under the laws of the State of New York, with its principal place of business located at 295 Fifth Avenue, New York, NY 10016.

3.      Upon information and belief, Defendant The Echo Design Group, Inc. is a corporation formed under the laws of the State of New York with its principal place of business located at 10 East 40th Street, New York, NY 10016.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action because the claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and because it involves a declaration of rights arising under federal law, namely the Copyright Act, 17 U.S.C. § 501 et seq. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claim for relief presents a federal question and pursuant to 28 U.S.C. § 1338(a) because the claim for relief relates to copyright rights over which the federal courts have original jurisdiction.   This action presents an actual case or controversy under Article III of the United States Constitution and serves the essential purpose of clarifying and settling the legal rights at issue.

5.      This Court has jurisdiction over Defendant because (1) on information and belief, Defendant is incorporated in this State and has intentionally engaged in substantial business and related communications within this forum and this judicial district, amounting to sufficient minimum contacts; and (2) the harm caused to Plaintiff by the acts and omissions of Defendant was and has been targeted by Defendant at Plaintiff and designed to impact Plaintiff, which has its principal place of business located in this judicial district.

539301.2

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this District and a substantial portion of the activities giving rise to Plaintiffs claims have taken place here.

## I.      FACTUAL BACKGROUND

### A.      Plaintiff Hedaya's Business

7.      Plaintiff is a designer and wholesaler specializing in home textiles, namely patchwork quilts and pillow shams.  Plaintiff delivers quality, handcrafted products designed by Plaintiff and manufactured in China.  Plaintiff's expertise in designing, sourcing, and/or manufacturing the finest products from throughout China is reflected in its over five decades of experience and is recognized throughout the industry.

8.      As part of its business, Plaintiff designs and/or purchases patterns for use on its textiles, including patchwork quilts, shams, and other products.  Among the products Plaintiff has offered for sale is a patchwork quilt and sham set released under the "GENOA" model  name (the "Genoa Set").  The components of the Genoa Set, namely the patchwork quilt and the shams, are sometimes also sold separately.  The Genoa Set uses a print created by repeating a pattern, which is then cut into strips, or patches, and sewn together to create the visible design on the patchwork quilt and pillow shams. The Genoa Set includes a modification of a standard Indian paisley design using colors, arrangements, and motifs that are common and standard in the industry, and which are therefore individually unprotectable, and combines them into new and unique works.  Plaintiff's expression of those common colors, arrangements, and motifs were created by Plaintiff's commissioned designers.  A true and correct copy of a photograph of a typical patchwork quilt in the Genoa Set is attached hereto as Exhibit A.

B.     **Defendant Echo's Cease and Desist Letter**

9.     On March 29, 2013, Plaintiff received a cease and desist letter from Defendant.  A true and correct copy of this letter is attached hereto as Exhibit B.

10.    In its letter, Defendant stated that it has a registered copyright in a textile design, designated as "Jaipur", and registered with the United States Copyright Office as Registration No. VA 1-847-827.  A true and correct copy of the pattern alleged by Echo to be infringed by the Genoa Set ("the Echo Pattern")  is attached hereto as Exhibit C.

11.    Upon information and belief, Defendant's claims of infringement are based on alleged similarities in superficial and common elements such as the use of paisley shapes and spade designs that are public domain and unprotectable ideas.

12.    Upon information and belief, Defendant's claims of infringement are based on alleged similarities in arrangements of superficial and common elements which have been commonly used by others since well before Defendant purportedly designed its Echo Pattern and which are not proprietary to or copyrightable by Defendant.

13.    Plaintiff's underlying print design is not identical to any protectable portion of the Echo Pattern.

14.    Plaintiff's underlying print design is not substantially similar to any protectable portion of the Echo Pattern.

15.    Plaintiff's expression in its Genoa Set is not identical to or substantially similar to any protectable expression in the Echo Pattern.

16.    Plaintiff's arrangement of patches in its Genoa Set creates a design which is not identical to or substantially similar to the Echo Pattern.

17.    Although the Echo Pattern is markedly different from the pattern used in the Genoa Set, using different drawings, groupings, color placements, and arrangements, Defendant nevertheless alleged that the Genoa Set infringes on Defendant's copyright in the Echo Pattern.

539301.2

Defendant further alleged that the Genoa Set is "identical or substantially similar" to the Echo Pattern.

18.      Upon information and belief, Defendant filed its application which matured into Registration No. VA 1-847-827 without disclosing to the United States Copyright Office any of the myriad similar designs which predated the creation of the Echo Pattern.

19.      Defendant stated that Plaintiff's continued sale of the Genoa Set "constitutes infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*" and further demanded that Plaintiff "immediately contact all retailers to whom it has sold 'Genoa Patchwork Quilt' to notify them of this matter and to direct them to remove all infringing products from further sale...." Defendant further demanded that Plaintiff provide Defendant with confidential information about the Genoa Set, including sales and cost information, and identification of customers.

20.      Defendant's letter further stated: "Please provide your full compliance with these requirements, in writing, by April 4, 2013, failing which we have been authorized to take appropriate steps to protect Echo's valuable rights."

21.      Defendant's letter concluded by stating: "This letter is without prejudice to any other right or remedies available to The Echo Design Group, Inc., all of which are expressly reserved."

## II.      FIRST CLAIM FOR RELIEF

## (Declaratory Judgment of Non-Infringement of Copyright Registration No. VA 1-847-827)

22.      Plaintiff repeats and realleges paragraphs 1 through 21 of this complaint as if fully set forth herein.

23.      An actual controversy has arisen between the parties and now exists as to whether Defendant is entitled to recover from Plaintiff any compensation or damages as a result of Plaintiffs past and future sale of the Genoa Set, and whether Plaintiff is violating any rights of Defendant, including its rights in Copyright Registration No. VA 1-847-827, through Plaintiffs past and future sale of the Genoa Set.

539301.2

24.    Declaratory judgment is therefore necessary to establish whether Plaintiff has infringed upon Echo's alleged copyrights, or any other intellectual property right possessed by Echo, and whether Echo should be denied any and all recovery, including injunctive relief and/or damages.

25.    Accordingly, Plaintiff is entitled to a declaration by this Court as to each parties' rights

26.    Pursuant to 17 U.S.C. § 505, Plaintiff also seeks its attorney's fees and costs in bringing this claim as the prevailing party.

## III.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant as follows:

1.  For a declaration that:

    1.    Plaintiff has not infringed  Echo alleged copyright reflected by Copyright Registration No. VA 1-847-827  , or any other intellectual property right possessed by Echo in the Jaipur design ; and

    2.    The Court award Plaintiff its reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

    3.    Such other and further relief as this Court deems just and proper.

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Dated: April 4, 2013

By _____
Neil Zipkin
Chester Rothstein

Attorneys for Plaintiff Hedaya Home
Fashions, Inc.

-6-

539301.2

# EXHIBIT A



# EXHIBIT B

BINGHAM

Edward F. Maluf
Direct Phone:  212.705.7987
Direct Fax:     212.702.3617
edward.maluf@bingham.com

March 28, 2013

**Via Overnight Delivery**

Mr. Nathan Hedaya
President
Hedaya Home Fashions, Inc.
111 Jefferson Avenue
Elizabeth, New Jersey 07201

Re:   Copyright Infringement by Hedaya of Echo's "Jaipur" Design

Dear Mr. Hedaya:

We represent The Echo Design Group, Inc. ("Echo") and write in connection with the
infringing use by Hedaya Home Fashions, Inc. ("Hedaya") of the design on its "Genoa
Patchwork Quilt" currently sold by various retailers, including but not limited to
Nordstrom's, Figi's, Tuesday Morning and Through the Country Door.

For over 90 years, Echo has engaged in the design, development, distribution, sale,
advertising and promotion, in interstate commerce, of men's and women's apparel,
fashion accessories, wall coverings and home fabrics, bed and bath ensembles, handbags,
and other goods under its ECHO and ECHODESIGN trademarks.  During this time, Echo
has become known as a leading design house and has invested a substantial amount of
time and resources in developing and creating the proprietary designs on its products.

Echo is the exclusive owner of the copyright to the Echo "Jaipur" design (created in
2009), giving it sole rights to the design.  (*See* Attachment A.)  Echo also is the exclusive
owner of the federal registration in connection with the copyright to the "Jaipur" design,
Reg. No. VA 1-847-827.  (*See* Attachment B.)  It has come to our attention that the
design depicted on Hedaya's "Genoa Patchwork Quilt" is identical or substantially
similar to Echo's copyrighted "Jaipur" design.  (*See* Attachment C.)  As such, Hedaya's
conduct constitutes infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

We therefore demand that Hedaya immediately cease and desist from any use of the
copyrighted "Jaipur" design, and all derivations thereof.  We further demand that Hedaya
immediately contact all retailers to whom it has sold "Genoa Patchwork Quilt" to notify
them of this matter and to direct them to remove all infringing products from further sale,
including through their respective websites and other points of sale. Additionally, we
further demand that Hedaya provide us immediately with the following information:

1.   the sales volume, in units and dollars, of the "Genoa Patchwork Quilt" bedding
and any and all other goods reflecting a design identical or substantially similar
thereto in any color scheme, and manufactured and/or sold by Hedaya (the
"Infringing Goods");

Beijing
Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY
10022-4689

+1.212.705.7000
+1.212.752.5378
bingham.com

A/75470402.1

Nathan Hedaya
March 28, 2013
Page 2

2.   the identity of each person or entity from whom Hedaya has purchased any
Infringing Goods, and the volume, in units and dollars, of such purchases;

3.   the identity of each person or entity to whom Hedaya has sold Infringing Goods,
and the volume, in units and dollars, of such sales;

4.   the volume, in units, of Infringing Goods that remain in Hedaya's inventory, or
that are on order or in transit to or from Hedaya, and the date by which Hedaya
expects to exhaust this inventory; and

5.   a written representation that Hedaya has ceased and will refrain from all
manufacture, sale and advertisement of the "Genoa Patchwork Quilt" bedding
and all other products reflecting a design identical or substantially similar thereto.

Please provide your full compliance with these requirements, in writing, by April 4,
2013, failing which we have been authorized to take appropriate steps to protect Echo's
valuable rights.

This letter is without prejudice to any other right or remedies available to The Echo
Design Group, Inc., all of which are expressly reserved.

Sincerely,

Edward F. Maluf

Bingham McCutchen LLP
bingham.com          A/75470402.1





# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-847-827**

**Effective date of registration:**

February 28, 2013

## Title

Title of Work: Jaipur

## Completion/Publication

Year of Completion: 2009

Date of 1st Publication: February 1, 2009       Nation of 1st Publication: United States

## Author

■     **Author:** Cachemire Et Fleurs

Author Created: 2-D artwork

Work made for hire: Yes

Domiciled in: France

■     **Author:** The Echo Design Group, Inc.

Author Created: 2-D artwork

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant

Copyright Claimant: The Echo Design Group, Inc.

10 East 40th Street, New York, NY, 10016, United States

Transfer Statement: By written agreement

## Rights and Permissions

Organization Name: The Echo Design Group, Inc.

Name: Vincent A. Sireci

Email: vsireci@echodesign.com          Telephone: 212-696-8794

Address: 10 East 40th Street

New York, NY 10016  United States

## Certification

**Name:** Vincent A. Sireci

**Date:** February 28, 2013



# EXHIBIT C



